PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zachary.faigen@skadden.com
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
*Counsel for Defendants and Nominal Defendant*

ROBERT C. MOEST
RMoest@aol.com
THE BROWN LAW FIRM
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEFFREY NAGLE, derivatively on behalf of ROCKET LAB USA, INC.,<br>Plaintiff,<br>vs.<br>PETER BECK, ADAM SPICE, NINA ARMAGNO, EDWARD FRANK, MATT OCKO, JON A. OLSON, KENNETH POSSENRIEDE, MERLINE SAINTIL, and ALEX SLUSKY,<br>Defendants,<br>and<br>ROCKET LAB USA, INC.,<br>Nominal Defendant. | No. 2:25-cv-02266-JAK-MBK<br>Judge: Hon. John A. Kronstadt<br>(1) JOINT STIPULATION TO ACCEPT SERVICE OF PROCESS AND STAY ACTION<br>(2) [PROPOSED] ORDER (filed under separate cover) |

Plaintiff Jeffrey Nagle ("Plaintiff"), along with defendants Peter Beck, Adam Spice, Nina Armagno, Edward Frank, Matt Ocko, Jon A. Olson, Kenneth Possenriede, Merline Saintil, and Alex Slusky (collectively, the "Individual Defendants"), and nominal defendant Rocket Lab USA, Inc. ("Rocket Lab," or the "Company," and together with the Individual Defendants, "Defendants" and, with Plaintiff, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on March 13, 2025, Plaintiff filed the complaint ("Complaint") in the above-captioned shareholder derivative action, seeking to assert claims on behalf of nominal defendant Rocket Lab for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against the Individual Defendants, and for contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act") against certain of the Individual Defendants (the "Derivative Action");

WHEREAS, Rocket Lab was served with the Complaint on March 18, 2025;

WHEREAS, the Individual Defendants have not yet been served with the Complaint;

WHEREAS, the Parties have conferred regarding service of process, and counsel for Defendants has agreed to accept service of process of the Complaint on behalf of the Individual Defendants, effective upon the Court's approval of this Stipulation and [Proposed] Order;

WHEREAS, the Derivative Action alleges claims related to the claims asserted in a putative securities class action lawsuit pending in this District, captioned *Bray v. Rocket Lab, et al.*, Case No. 2:25-cv-07133 (filed February 27, 2025) (the "Securities Action");

WHEREAS, in the interests of judicial economy and conserving the resources of the Parties and the Court, the Parties to this Derivative Action agree that the Court should stay the Derivative Action until the resolution of the anticipated motion to

dismiss in the Securities Action, as well as any subsequent motion to dismiss any further amended complaint in the Securities Action; and

WHEREAS, the Parties have agreed that during the pendency of the stay of the Derivative Action, Defendants shall not be required to file motions to dismiss, answer, or otherwise respond to the Complaint or any amended complaint in the Derivative Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, pursuant to Local Civil Rule 7-1, by and between the undersigned counsel for the parties, subject to the Court's approval, as follows:

1. Undersigned counsel for Defendants are authorized to accept and, upon the Court's approval of this Stipulation and [Proposed] Order, do accept service of the Complaint in this Action on behalf of the Individual Defendants, without prejudice to or waiver of any of their defenses or objections, except as to absence of a summons or the sufficiency of service of process.

2. The Derivative Action shall be stayed until the resolution of the motion to dismiss in the Securities Action, as well as any subsequent motion to dismiss any further amended complaint in the Securities Action.

3. Following the resolution of all motions to dismiss in the Securities Action, the Parties shall meet and confer and submit a proposed schedule within ten (10) business days.

4. Defendants shall promptly, and in all events within ten (10) days, notify Plaintiff if any other related derivative lawsuit is filed in this Court or another court ("Related Derivative Action") or if Defendants receive any threatened derivative actions (including Section 220 demands and litigation demands).

5. Any conferences currently scheduled shall be postponed until after the stay of the proceedings is lifted.

6. Defendants shall promptly, and in all events within ten (10) days, notify Plaintiff if any Related Derivative Action is not stayed for the same duration, or a longer duration, as the stay of the Derivative Action.

7. If any Related Derivative Action not consolidated with the Derivative Action is not stayed for the same duration, or a longer duration, as the stay of the Derivative Action, Plaintiff may move to lift the agreed stay upon five (5) days' written notice via email to the undersigned counsel of Defendants and Rocket Lab. In the event that the stay is lifted pursuant to this paragraph, Defendants and Rocket Lab reserve the right to seek a further stay of proceedings, except not on the grounds that a Related Derivative Action should proceed before the Derivative Action, and Plaintiff may oppose such application for a further stay.

8. If, during the stay, the parties in the Securities Action choose to pursue mediation, Defendants shall provide Plaintiff with reasonable advance notice of such mediation, and either invite Plaintiff to participate in that mediation or agree to participate in a reasonably concurrent mediation with Plaintiff. If, during the stay, Defendants choose to pursue mediation with the plaintiff in any Related Derivative Action, Defendants shall invite Plaintiff to participate in that mediation.

9. During the stay, Plaintiff may file an amended complaint, but Defendants shall not be required to respond to any such amended complaint until a date the Court so orders after the stay of proceedings is lifted and the Parties have filed with the Court a proposed scheduling order governing further proceedings per paragraph 2.

10. During the stay, Defendants shall promptly produce to Plaintiff any documents produced in any Related Derivative Actions (including to a shareholder who made a Section 220 books and records demand), subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in Plaintiff's case.

11. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any

Party determines is related to this action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

12. This Stipulation is without prejudice to any and all defenses Defendants may assert in the Derivative Action, including but not limited to any jurisdictional or venue challenges, and without prejudice to any and all claims Plaintiff may assert in the Derivative Action.

DATED: 4/3/25

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Peter B. Morrison*
PETER B. MORRISON
*Counsel for Defendants and Nominal Defendant*

***I, Peter B. Morrison, attest that all other signatories listed, and on whose behalf this filing is also submitted, concur in the filing's content and have authorized the filing.***

DATED: 4/3/25

THE BROWN LAW FIRM

/s/ Robert C. Moest
ROBERT C. MOEST
*Counsel for Plaintiff Jeffrey Nagle*