```
 1  PETER B. MORRISON (SBN 230148)
    peter.morrison@skadden.com
 2  ZACHARY FAIGEN (SBN 294716)
    zachary.faigen@skadden.com
 3  SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
 4  2000 Avenue of the Stars, Suite 200N
    Los Angeles, California 90067
 5  Telephone:  (213) 687-5000
    Facsimile:   (213) 687-5600
 6  Counsel for Defendants
 7
 8  ROBERT C. MOEST (SBN 62166)
    RMoest@aol.com
 9  THE BROWN LAW FIRM
    2530 Wilshire Boulevard, Second Floor
10  Santa Monica, CA 90403
    Telephone:  (310) 915-6628
11  Facsimile:   (310) 915-9897
    Counsel for Plaintiff
12
13
14
15              UNITED STATES DISTRICT COURT
16             CENTRAL DISTRICT OF CALIFORNIA
17                   WESTERN DIVISION
```

| | |
|---|---|
| JEFFREY NAGLE, derivatively on behalf of ROCKET LAB USA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PETER BECK, ADAM SPICE, NINA ARMAGNO, EDWARD FRANK, MATT OCKO, JON A. OLSON, KENNETH POSSENRIEDE, MERLINE SAINTIL, and ALEX SLUSKY, <br><br> Defendants, <br><br> and <br><br> ROCKET LAB USA, INC., <br><br> Nominal Defendant. | No. CV 25-2266-GW-KESx <br><br> Judge:  Hon. George H. Wu <br><br> ORDER GRANTING JOINT STIPULATION TO ACCEPT SERVICE OF PROCESS AND STAY ACTION |

This matter comes before the Court on the Parties' Joint Stipulation to Accept Service of Process and Stay Action (the "Stipulation"). Having considered the Stipulation and good cause appearing therefor:

The Court GRANTS the Stipulation and ORDERS the following:

1. Counsel for Defendants are authorized to accept and, upon the Court's approval of this Stipulation and [Proposed] Order, do accept service of the Complaint in this Action on behalf of the Individual Defendants, without prejudice to or waiver of any of their defenses or objections, except as to absence of a summons or the sufficiency of service of process.

2. The Derivative Action shall be stayed until the resolution of the motion to dismiss in *Bray v. Rocket Lab, et al.*, Case No. 2:25-cv-07133 (filed February 27, 2025) (the "Securities Action"), as well as any subsequent motion to dismiss any further amended complaint in the Securities Action.

3. Following the resolution of all motions to dismiss in the Securities Action, the Parties shall meet and confer and submit a proposed schedule within ten (10) business days.

4. Defendants shall promptly, and in all events within ten (10) days, notify Plaintiff if any other related derivative lawsuit is filed in this Court or another court ("Related Derivative Action") or if Defendants receive any threatened derivative actions (including Section 220 demands and litigation demands).

5. Any conferences currently scheduled shall be postponed until after the stay of the proceedings is lifted.

6. Defendants shall promptly, and in all events within ten (10) days, notify Plaintiff if any Related Derivative Action is not stayed for the same duration, or a longer duration, as the stay of the Derivative Action.

7. If any Related Derivative Action not consolidated with the Derivative Action is not stayed for the same duration, or a longer duration, as the stay of the Derivative Action, Plaintiff may move to lift the agreed stay upon five (5) days'

written notice via email to counsel for Defendants. In the event that the stay is lifted pursuant to this paragraph, Defendants reserve the right to seek a further stay of proceedings, except not on the grounds that a Related Derivative Action should proceed before the Derivative Action, and Plaintiff may oppose such application for a further stay.

8. If, during the stay, the parties in the Securities Action choose to pursue mediation, Defendants shall provide Plaintiff with reasonable advance notice of such mediation, and either invite Plaintiff to participate in that mediation or agree to participate in a reasonably concurrent mediation with Plaintiff. If, during the stay, Defendants choose to pursue mediation with the plaintiff in any Related Derivative Action, Defendants shall invite Plaintiff to participate in that mediation.

9. During the stay, Plaintiff may file an amended complaint, but Defendants shall not be required to respond to any such amended complaint until a date the Court so orders after the stay of proceedings is lifted and the Parties have filed with the Court a proposed scheduling order governing further proceedings per paragraph 2.

10. During the stay, Defendants shall promptly produce to Plaintiff any documents produced in any Related Derivative Actions (including to a shareholder who made a Section 220 books and records demand), subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in Plaintiff's case.

11. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

12. The Stipulation is without prejudice to any and all defenses Defendants may assert in the Derivative Action, including but not limited to any jurisdictional or venue challenges, and without prejudice to any and all claims Plaintiff may assert in the Derivative Action.

DATED: April 8, 2025

_____
HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE

3